*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DAVIS/MCCONNELL, Minors.

UNPUBLISHED
February 10, 2022

No. 357904
Marquette Circuit Court
Family Division
LC No. 21-010633-NA

Before: GLEICHER, C.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

The circuit court removed four-year-old BD from the care of his parents because his father, CD, was charged with sexually abusing BD's older half-brother, SM, and the court determined that respondent-mother had not protected her children. The court also removed from the parents' care CD's two older sons and SM. Respondent appeals only the removal of BD. We discern no error and affirm.

## I. BACKGROUND

SM alleged that CD sexually abused him on a regular basis beginning when he was 13 years old. Respondent-mother learned of these allegations in 2019, but did not end her relationship with CD. Respondent did not believe SM, who suffered from mental illness and had behavioral issues. Respondent asserted that she sent SM to live with his father because of his behavior, but SM accused his mother of kicking him out for reporting CD's criminal sexual conduct.

Although CD already had been charged with several felonies connected with the sexual abuse, the Department of Health and Human Services (DHHS) alleged that SM did not report the abuse until June 24, 2021. The DHHS filed an emergency petition to remove respondent and CD's four children from their home, although only BD lived there at that time. The petition alleged that respondent knew of the abuse and had not protected her children.

The court authorized the removal petition. The court found that BD would not be safe in respondent's care because she continued to live with CD after learning he abused SM. The court emphasized that respondent did not believe SM's allegations and "refuses to allow him back in the home for reporting sexual abuse."

Respondent's attorney challenged the removal at a hearing one week later. Respondent denied that she failed to protect either of her sons. Counsel noted that the petition failed to describe any particular act of sexual abuse of which respondent was aware and failed to protect her children against. Counsel explained that respondent removed SM from her home because of his behavioral and mental health issues, not because he reported the alleged sexual abuse. Despite respondent's insistence that she could protect her children, respondent still lived with CD; they attended the Zoom hearing together in their home. The couple promised that CD would move out by the following Monday, but the circuit court found this to be too little, too late.[1] The court denied the motion to set aside the removal order, finding as follows:

> This Court at the time of the initial removal, was under the very strong belief that [respondent] was unable to protect her children and I continue to believe that at this time. . . . It's also very telling to the Court that she's only asking that one child be returned home and is not believing another child. This Court finds that very distressing.

Respondent now appeals the removal of BD from her care.

## II. ANALYSIS

When a child is taken into protective custody, the circuit court must hold a preliminary hearing within 24 hours. MCR 3.965(A)(1). At that hearing, the court must determine whether "to authorize the filing of the petition and, if authorized, whether the child" is to be returned home, released to a guardian or legal custodian, or placed in foster care. MCR 3.965(B)(12), (13). In order to place a child into a foster care, the court "must make explicit findings that 'it is contrary to the welfare of the child to remain at home,' MCR 3.965(C)(3), and 'reasonable efforts to prevent the removal of the child have been made or that reasonable efforts to prevent removal are not required,' MCR 3.965(C)(4)." *In re Benavides*, 334 Mich App 162, 168; 964 NW2d 108 (2020). Further, the court may only place a child in foster care if it determines that all the conditions of MCL 712A.13a(9) (or the identical provisions of MCR 3.965(C)(2)) are met:

> (a) Custody of the child with the parent presents a substantial risk of harm to the child's life, physical health, or mental well-being.

> (b) No provision of service or other arrangement except removal of the child is reasonably available to adequately safeguard the child from risk as described in subdivision (a).

> (c) Continuing the child's residence in the home is contrary to the child's welfare.

> (d) Consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the child.

---

[1] In fact, officers came to the home and arrested CD during the hearing.

-2-

(e) Conditions of child custody away from the parent are adequate to safeguard the child's health and welfare.

We review for clear error the circuit court's factual findings in this regard. *Benavides*, 334 Mich App at 167.

The court made explicit findings on the record that remaining in respondent's care was contrary to BD's best interests and that reasonable efforts to prevent removal were not required as required by MCR 3.965(3) and (4). The court noted that CD had been charged with several felonies arising from his alleged sexual abuse of SM. As to CD, the court could not "imagine what we could have done reasonably to prevent the removal." The court reiterated these findings relative to respondent. Given respondent's disbelief of SM, refusal to allow SM to return to her home, and her continued cohabitation with CD, the court found it was contrary to both SM's and BD's best interests to remain in their mother's care and that reasonable efforts were not required to prevent removal. These findings were supported by the record and there is no error for this Court to remedy.

The court also satisfied MCL 712A.13a(9)(a) in finding that BD would face a substantial risk of harm if returned to his mother's custody. At the initial hearing, the court noted that respondent continued to live with CD despite SM's serious allegations of sexual abuse. Although CD was arrested during the next hearing, respondent had continued to live with him in the meantime. Respondent did not believe SM's allegations and therefore took no steps to limit CD's access to young BD. Respondent thereby demonstrated her inability to protect her children, placing them at a substantial risk of harm if returned to her care.

Respondent challenges the court's determinations that reasonable efforts were not required to retain BD in his home and that removal was the only way to safeguard the child. As described, the court determined that reasonable efforts to prevent removal were not required as respondent remained with CD and did not shield BD from him because she did not believe SM's allegations. MCR 3.965(C)(4)(a) states, "Reasonable efforts to prevent a child's removal from the home are not required if a court of competent jurisdiction has determined that . . . the parent has subjected the child to aggravated circumstances as listed in . . . MCL 722.638(1) and (2)." A parent's conduct falls under MCL 722.638(2) when he or she is "suspected of placing the child at an unreasonable risk of harm due to the parent's failure to take reasonable steps to intervene to eliminate the risk" of aggravated circumstances listed under MCL 722.638(1), which include criminal sexual conduct involving a child, MCL 722.638(1)(a)(*ii*). The court found that respondent failed to take reasonable steps to protect SM from her husband's sexual abuse and placed BD in harm by failing to remove him from this environment. The court's findings satisfied MCL 712A.13a(9)(b)-(d), and we again discern no error.

And the court placed BD in a licensed foster home pending a search for a suitable relative placement. This met the court's duty under MCL 712A.13a(9)(e).

Respondent argues that the court denied her substantial right to the care and custody of her child by failing to give her the opportunity to present evidence or cross-examine witnesses prior to the removal. If a circuit court authorizes a neglect or abuse petition, it must determine the child's placement by receiving evidence to establish that the criteria for placement are present.

MCR 3.965(C)(1). MCR 3.965(C)(1) provides that the respondent "shall be given an opportunity to cross-examine witnesses, to subpoena witnesses, and to offer proofs to counter the admitted evidence." However, respondent did not attempt to introduce any evidence or call witnesses at either hearing. Respondent does not indicate on appeal what evidence she would have presented or how it would have rebutted the court's conclusion that she failed to protect BD and SM from CD. Absent any offer of proof, we cannot grant respondent the relief requested.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Anica Letica